**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 0305016966 |
| | ) | |
| JIMMIE LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Submitted:  October 8, 2014
Decided:   January 22, 2015

Motion for Postconviction Relief
*SUMMARILY DISMISSED*

Brian Robertson, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for the State.*

Jimmie Lewis, Richland Correctional Institution, Mansfield, OH, *pro se.*

**DAVIS, J.**

This 22nd day of January, 2015, upon consideration of the Motion for Postconviction Relief filed by Jimmie Lewis; the facts and legal authorities set forth in the Motion for Postconviction Relief (the "Motion"); and, the entire record in this case:

1.      The Motion is Mr. Lewis' fifth motion seeking relief under Rule 61 of the Superior Court Rules of Criminal Procedure.

2.      On October 23, 2003, a jury found Jimmie Lewis guilty of Carjacking in the Second Degree, Felony Theft and Resisting Arrest.  The Court sentenced Mr. Lewis on these convictions (the "Sentence").

3.      Mr. Lewis appealed his sentence to the Delaware Supreme Court.  On September 29, 2005, the Supreme Court affirmed the trial court.  In affirming, the Supreme Court held that: (i) the evidence was sufficient to support Mr. Lewis' conviction; (ii) the evidence did not warrant a jury instruction on unauthorized use of a motor vehicle; (iii) imposition of separate sentences for Mr. Lewis' conviction for carjacking and felony theft did not violate his right of protection against double jeopardy; (iv) the trial court's denial of Mr. Lewis' request for substitute counsel did not constitute violation of his right to counsel; (v) the fact that jurors were older than Mr. Lewis and of different social and ethnic backgrounds did not amount to violation of his right to a jury trial; (vi) necessary documentation was made available to trial record to support imposition of habitual offender sentence; and, (vii) the trial court appropriately dealt with Mr. Lewis' claims concerning his mental health throughout trial.[1]

4.      On February 22, 2005, Mr. Lewis filed a *pro se* motion for a new trial.  The Court denied that motion on March 1, 2005.

5.      In preparation for his first motion for postconviction relief under Rule 61, Mr. Lewis sought transcripts of the trial and sentencing.   Mr. Lewis filed a *pro se* "Motion to Impung the Authenticity of Trial Transcript and Sentencing Transcript."  In that motion, Mr. Lewis questioned the authenticity of the transcripts which were provided to him and requested that "authentic" versions of those transcripts be provided.  The Court denied this motion on October 6, 2005.  Mr. Lewis appealed the decision.  On December 14, 2005, the Supreme Court dismissed Mr. Lewis' appeal.[2]

6.      Mr. Lewis filed his first motion for postconviction relief on January 6, 2006.  In this motion, Mr. Lewis made numerous allegations of ineffective assistance of counsel, as well

---

[1] *Lewis v. State*, No. 64,2005 884 A.2d 512 (Table), 2005 WL 2414293 (Del. September 29, 2005).
[2] *Lewis v. State*, No. 515,2005 888 A.2d 232 (Table), 2005 WL 3454079 (Del. December 14, 2005).

2

as contending a conspiracy existed between the Prothonotary, defense counsel and the Attorney General's office.[3] The Court determined that Mr. Lewis failed to set forth a single meritorious claim, and denied Mr. Lewis' motion.[4] Mr. Lewis appealed the decision to the Supreme Court, which dismissed the appeal.[5]

7. On March 20, 2007, Mr. Lewis filed his second motion for postconviction relief. The Court summarily dismissed that second motion, finding that the motion was both procedurally barred and without merit.[6] Mr. Lewis appealed this decision, and the Supreme Court affirmed the decision of this Court on November 15, 2007.[7]

8. Mr. Lewis then filed his third motion for postconviction relief. On March 19, 2008, the Court summarily dismissed this third motion, both for being procedurally barred and because the claims were fully addressed and dismissed by both this Court and the Supreme Court on numerous occasions.[8] Mr. Lewis appealed to the Supreme Court which affirmed the Court's decision.[9]

9. Mr. Lewis continued to file motions for postconviction relief, the fourth of which was filed on August 1, 2008. The Court summarily dismissed this fourth motion,[10] and the dismissal was affirmed by the Supreme Court.[11]

10. Interspersed with motions for postconviction relief, Mr. Lewis also filed three petitions for a Writ of Mandamus with the Supreme Court, seeking relief to compel his transfer to a lower level of supervision. Mr. Lewis also twice filed motions seeking relief to compel

---

[3] *State v. Lewis*, No. IN03060175R1, 2006 WL 2560145 (Del. Super. Ct. Aug. 29, 2006)
[4] *Id.* at *7.
[5] *Lewis v. State*, No. 536,2006 913 A.2d 570 (Table) 2006 WL 3604832 (Del. December 12, 2006).
[6] *State v. Lewis*, No. 0305016966 2007 WL 1241873, at *2 (Del. Super. Ct. Apr. 27, 2007).
[7] *Lewis v. State*, 233,2007 940 A.2d 946 (Table) 2007 WL 3385910 (Del. November 15, 2007).
[8] *State v. Lewis*, No. 0305016966 2008 WL 732563, at *1 (Del. Super. Ct. Mar. 19, 2008).
[9] *Lewis v. State*, No. 161,2008 954 A.2d 910 (Table) 2008 WL 2721607 (Del. July 14, 2008).
[10] *State v. Lewis*, No. 0305016966 2008 WL 3413332 (Del. Super. Ct. Aug. 11, 2008).
[11] *Lewis v. State*, No. 250,2009 979 A.2d 111 (Table) 2009 WL 2859190 (Del. Sept. 8, 2009).

counsel's responses to postconviction-related papers.[12] The Supreme Court determined that Mr. Lewis had not demonstrated that the Court failed or refused to perform a duty owed to him, and that in any event two of Mr. Lewis' petitions were moot.[13]

11. Mr. Lewis served his time at Level 5. Thereafter, Mr. Lewis was released and was supervised on probation both at Level 4 and Level 3.

12. On March 19, 2010, Mr. Lewis was found in violation of his probation. As to the Felony Theft charge, the Court sentenced Mr. Lewis to 60 days at supervision Level V, suspended for 60 days at supervision Level IV with no probation to follow. As to the Resisting Arrest charge, the Court also sentenced Mr. Lewis to 30 days at supervision Level V, suspended for 30 days at supervision Level IV with no probation to follow. The two sentences were consecutive.

13. Mr. Lewis was released on June 21, 2010, after completing the two sentences at Level IV.

14. As of June 21, 2010, Mr. Lewis was no longer in custody under the Sentence. Moreover, Mr. Lewis could not be incarcerated in the future with respect to the Sentence as he had completed his Level 5 time and was no longer subject to probation or suspended Level 5 time.

15. On September 8, 2014, Mr. Lewis filed the Motion. Mr. Lewis makes four claims: (1) that a miscarriage of justice occurred when the trial court failed to file a time stamped journal entry onto the docket that legally adjudicated Mr. Lewis competent, after a competency hearing had taken place; (2) that Mr. Lewis received ineffective assistance of counsel because defense counsel failed to point out his issue of competency; (3) that the trial court abused its

---

[12] *In re Lewis*, No. 88,2008 954 A.2d 910 (Table) 2008 WL 2652708 (Del. July 7, 2008).
[13] *Id*.

4

discretion when it utilized a competency report that "contained testimonial evidence as if they were eye witnesses;" and, (4) that there was an unreasonable delay in Mr. Lewis' trial.

16.     Rule 61 governs motions for postconviction relief.  The rule provides:

(a) Scope of rule. (1) Nature of proceeding.  This rule governs the procedure on an application *by a person in custody under a sentence of this court* seeking to set aside the judgment of conviction…on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual or legal basis for a collateral attack upon a criminal conviction…A proceeding under this rule shall be known as a postconviction remedy.[14]

17.     Mr. Lewis cannot pursue the Motion as he is no longer in custody under the Sentence and, therefore, lacks standing under Rule 61.  Mr. Lewis completed the Sentence on June 21, 2010.  Mr. Lewis filed the Motion on September 8, 2014 – more than 4 years after he was no longer in custody or subject to custody under the Sentence.   Accordingly, Mr. Lewis is no longer entitled to relief under Rule 61 with respect to the Sentence.[15]

18.     As Mr. Lewis lacks standing to pursue the Motion, **IT IS ORDERED** that Mr. Lewis' Motion for Postconviction Relief is **DENIED.**

19.     Moreover, due to Mr. Lewis' repetitive, meritless filings, it is also **ORDERED** that Mr. Lewis may not file any other motions in this matter under Rule 61 without leave of the Court.

/s/ *Eric M. Davis*
Eric M. Davis
Judge

---

[14] Super. Ct. Crim. R. 61(a)(1)(emphasis added).
[15] *Ruiz v. State*, 956 A.2d 643 (Table), 2008 WL 1961187, at *2 (Del. May 7, 2008) (citing *Pumphrey v. State*, No. 580, 2006, 2007 WL 3087405, at *1 (Del. October 23, 2007)) (A person looses standing to seek postconviction relief under Rule 61 where the defendant is not in custody or subject to future custody for the underlying offense or challenged sentence.); see also *Pumphrey v. State*, No. 580, 2006, 2007 WL 3087405, at *1 (Del. October 23, 2007); *Epperson v. State,* 829 A.2d 935 (Table), 2003 WL 21692751, at *1 (Del. July 18, 2003); *Summers v. State*, 818 A.2d 971 (Table), 2003 WL 1524102. at *1 (Del. March 20, 2003); *State of Delaware v. Absher, et al.*, 2014 WL 7010788, at *1 (Del. Super. Ct. December 3, 2014).